NeusoN, J.,
delivered the opinion of the Court.
From the transcripts of records in these two causes it appears that on the 6th of February, 1860, Richard B. Somerville, with two sureties, entered into a bond in the County Court of Tipton county, payable to the State, in the penal sum of $28,000 for the use of various persons therein named. In the condition of the bond it is recited that said Somerville had, upon the day of its date, been appointed commissioner by said Court to sell certain lands described in the bill of George A. Taylor and wife, and others, against Thomas W. Roane and others, and it is provided that if he faithfully performs and discharges his duties as such commissioner according to law in all things, and shall account for all money, property, effects, and choses in action which may come into his hands by virtue of said appointment, then said obligation is to be void, otherwise to remain in full force and effect. From a decree in the case of Taylor and wife against Roane and others, pronounced in said County Court *164 on tbe 6th day of March, 1860, it appears that said commissioner made a report to said Court, which was confirmed, and in which he states that he had sold a certain tract of land of 315 acres, being lot No. 3, to A. C. Somerville for $6,300 — one-third cash, and the residue on one and two years, for which he had taken notes with security. In the decree of confirmation he was directed to execute a deed when the last payment should be made. From a further report it appears that on the 10th of January, 1866, the commissioner sold lot No. 4, containing 461i acres, for $16 per acre, to James B. McCall and A. C. Somerville, of "which McCall took 261i acres, and Somerville 200 acres, that the purchasers had executed their notes for the residue, payable in one and two years, the two notes of McCall being each for $1,393.33-J, and the two notes of Somerville being each for $1,066.67. It further appears that Helen B. Somerville executed her special bond, with security, in said County Court, bearing date, 6th of April, 1869, as guardian of two of the minor children of "W. A. Somerville, deceased, in which it is stated that. she is entitled to a fund now remaining in the hands of B. B. Somerville, commissioner, arising from the sale of about 700 acres of land; and the bond is aonditioned for the faithful performance of her duties as guardian in securing and improving said fund, etc.
On the 31st of August, 1869, Mrs. Somerville, as guardian of the minors, caused notices to be served on B. B. and T. T. Somerville that she would enter motions on the 7th day of September, 1869, in said *165 Comity Court, against them for the shares of her ■wards, Esther Howe Somerville and Thomas Leigh Somerville, in the said fund arising from the sale of said lands.
Separate motions, in the name of the plaintiff as guardian of each of said wards were entered at the September Term, 1869, of said Court without further action, and at the October Term the defendants filed a paper which is not in form either a demurrer or plea, but which may possibly be “a general denial” under Code, s. 2913, in which they say that the Court has no jurisdiction to render judgments against them. The records show that the parties, by their attorneys, argued the demurrers to the motions, and that the same were overruled. Judgment was rendered in each case for the aggregate sum of $1,590.04, which includes interest and 12J per cent, damages on $1,368, which is assured to be the amount of each share; and from said judgments these appeals, in the nature of writs of error, are prosecuted.
The bills of exceptions show that the only evidence in the causes was the notices, copies of the decrees at March Term, 1860, February Term, 1866, and April Term, 1869, in the case of George A. Taylor and wife, and others, against Thomas W. Roane and wife, and others, and a copy of the special bond given by the plaintiff as guardian. In each bill of exceptions, it is stated “ that the defendant, R. B. Somerville, in his remarks made before the Court on the trial of this cause, said that he had applied to this Court heretofore for liberty to pay the money into the clerk’s *166 office, but bad to keep it until the making of a special guardian bond, therefore, that be then had loaned the money out at interest, and of course was not able to collect it in time to meet this summary proceeding.”
Holding, as we do, that a special commissioner has no authority to loan a fund in his hands as such, without an order or decree' of the Court, expressly investing him with power to do so, and considering that the public interests require that such officer shall be held to the strictest accountability, this Court is exceedingly reluctant to entertain mere technical objections to any proceedings instituted for the purpose of compelling an exact and faithful performance of the duties of a class of trustees, who are often indispensable as aids in the exercise of the jurisdiction of Courts having chancery jurisdiction, and act under their direct appointment. But we are constrained to declare, that there are several grave errors in the proceedings of these causes.
1. The bond executed by the commissioner and his sureties, is payable to the State of Tennessee, “for the use and benefit of George A. Taylor and wife, Jane Francis, A. C. Somerville, John W. Somerville, Thomas W. Roane and wife, Mary Helen, William H. Tar-water and wife, Georgiana W., James R. Somerville, Elizabeth Susan Somerville, Catherine T. Somerville, Thomas Leigh Somerville, and Esther Howe Somer-ville,” and it is stated in the condition, “that the County Court of Tipton county, Tennessee, has this day appointed the above bounded R. B. Somerville,' *167 commissioner to sell certain lands in said county, mentioned and described in the bill of George A. Taylor and wife, and others, against Thomas W. Roane, wife and others, filed in the County Court of said county,” but no copy of said bill, or of- the record in said cause is before us, nor does it appear to have been before the County Court when these judgments were rendered. The decrees exhibited with the bill of exceptions, show that R. B. Somerville made reports of sales in said cause, which were confirmed, but the decrees do not show under what circumstances the lands were directed to be sold, or for what purpose; nor do they declare who is entitled to the purchase money, or dispose of' it in any manner whatever.
The reports state that the commissioner was appointed “to sell the lands belonging to William A. Somerville, deceased, as surveyed and platted by R. H. Mumford, County Surveyor.” But the plat is not before us, nor is there anything in the record to show what heirs were entitled to the fund, or in what' proportions they were entitled. The bond of the commissioner was executed to the State for the benefit of the ten persons therein named, and under the Code, sections 772, 776, such bonds are not discharged by a single recovery, but proceeding may, from time to time, be instituted thereon by any person aggrieved, without assignment, until the whole penalty is exhausted. If the amount due each of the beneficiaries under the bond, had been ascertained and declared by an order or decree of the Court, no good reason exists why joint or separate actions, or motions, under this section, might not be *168 maintained in the name of the State, for the use of the party, or parties aggrieved. But until such order or decree, the fund jointly belongs to all the persons for whose use the bond was executed, and the proceeding by regular action, or by motion, should be conducted in the name of the State, for the use of all the persons named as beneficiaries. The fund, although joint, may belong to the parties in unequal proportions, and there is nothing in this record, except the unauthorized assumption in the judgments, to show what parts of the fund belonged to the wards of the plaintiff.
2. If the sale was made, as we presume it was, for the purposes of partition, the Court was authorized, under the Code, sec. 3317, to direct the shares of the infants to be paid over to the general guardian, etc., and under sec. 3322, might have required a refunding bond. Something of this nature seems to have been attempted, as the record shows that Mrs. Somerville executed a special bond as guardian, and the bond refers to the funds remaining in the hands of B». B. Somerville; but there is nothing in the record to show the amount of the shares, nor is there any order directing it to be paid into the hands of the guardian. The intention of the statute is, that Courts shall exercise a watchful supervision over funds belonging to minors, and its directions should be strictly pursued, not only as to securing the funds in the hands of the commissioner, but as to the manner of taking it out of his hands and securing it in any other custody in which it may be placed, or in any other form in which it may be invested.
*169 3. It follows, therefore, that Mrs. Somerville could not maintain these suits by motion, without an order or decree, in the case of Taylor and Wife against Roane and Wife, declaring what proportion of the fund her wards were entitled to, and expressly directing that their shares should be paid into her hands. Had such an order been made, she would have been. entitled to the remedy, by motion, under the Code, secs. 3608, 3610; but so long as the case of Taylor and Wife against Roane and Wife is pending in the Court, these motions should have been made in that suit, and not as independent proceedings, and could only have been made in the County Court, when the amounts were clearly and certainly ascertained. It could not have been made in a case of complicated accounts and controversies proper for the jurisdiction of a Chancery Court, as was determined in Bowers v. Lester, and another case at our last Term in Nashville.
4. Our attention has been directed to the cases of Bond v. Clay, 2 Head, 379, and Smith v. Woods, 1 Col., 535, as being in conflict with each other in reference to the jurisdiction pf the County Courts. This conflict is, perhaps, in view of the questions actually determined, more apparent than substantial. In Bond v. Clay it was simply held that the County Court had no jurisdiction to relieve a purchaser at a sale, when his petition was not filed until nearly twelve months after the decree of confirmation; and it was said that sections 4204 and 4205 of the Code were not intended to confer upon the Courts any new or enlarged jurisdiction. In Smith v. Woods it was held, under see- *170 tions 4201 and 4203 of tbe Code, that the County Court had jurisdiction to decree the sale of real estate and a slave, and was clothed with all the power necessary and proper to the exercise of such jurisdiction; that, under section 4204, it is vested, in cases of concurrent jurisdiction, with all the incidental powers possessed by a Court of Equity, for the purpose of effectuating the jurisdiction conferred by section 4201; and that it had jurisdiction, in a proceeding either by petition or motion, in behalf of the beneficiaries, to render judgment against the personal representative of a deceased commissioner and his sureties for the fund arising from a sale made by the County Court, to which they were entitled, and which had passed into the hands of the commissioner. In that case it was held that the parties were clearly entitled to their proceeding by motion, and would have been so entitled in these causes if the motion had been made in the name of all the beneficiaries, or if the amount due the wards had been ascertained in the original suit, and an express order had been made directing the payment to the guardian.
"While this Court will not, by construction, extend the chancery jurisdiction of the Circuit and County Courts, and entertains the opinion that such jurisdiction should, be conferred exclusively upon the Chancery Courts, the legislative will, when not in conflct with the Constitution, will be effectuated.
Reverse the judgments.